## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARY ELLEN DAYAN-VARNUM, )
ADMINISTRATOR OF THE ESTATE OF )
JOHN HORTON DAYAN, DECEASED, )
           )
         Plaintiff, )
           )
v. )      Case No. 23-CV-00052-GKF-MTS
           )
KATHRYN DAYAN, an individual, )
DAVA DAYAN, an individual, )
MERRILL LYNCH PIERCE FENNER )
& SMITH, INC., a foreign corporation, and )
STIFEL, NICOLAUS & CO., INC., )
a foreign corporation, )
           )
         Defendants. )

## OPINION AND ORDER

This matter comes before the court on the Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. 6; Doc. 7] of defendant Stifel, Nicolaus & Co., Inc. For the reasons set forth herein, the motion is granted in part and denied in part.

### Background and Procedural History

This case arises from a dispute regarding the administration of the estate of John Horton Dayan, deceased. On December 13, 2022, plaintiff Mary Ellen Dayan-Varnum, Administrator of the Estate of John Horton Dayan, deceased, initiated this litigation in the District Court in and for Tulsa County, State of Oklahoma, against defendants Kathryn Dayan; Dava Dayan; Merrill Lynch Pierce Fenner & Smith, Inc., and Stifel, Nicolaus & Co, Inc. [Doc. 2-2]. The Complaint includes twenty causes of action.[1] [*Id.*]. Relevant to Stifel, the Complaint includes the following causes of

---

[1] For consistency with the Federal Rules of Civil Procedure, the court refers to the Petition filed in state court as the "Complaint."

action:  (1) civil conspiracy; (2) unjust enrichment; (3) negligence; (4) negligent supervision; and (5) constructive trust. [Doc. 2-2, pp. 19-21].

On February 13, 2023, defendants Dava Dayan and Kathryn Dayan removed the case to this court.  [Doc. 2].

On February 17, 2023, Stifel filed the motion seeking dismissal of the civil conspiracy, unjust enrichment, negligence, and negligent supervision claims.  [Doc. 6; Doc. 7].  Dayan-Varnum responded in opposition [Doc. 22], and Stifel filed a reply.  [Doc. 27].  Thus, the motion to dismiss is ripe for the court's determination.

**Allegations of the Complaint**

The twenty-two page Complaint includes 179 paragraphs, which the court will not summarize.  Instead, the court limits its summary to the factual allegations relevant to Stifel and the motion to dismiss.  The Complaint includes the following allegations:

Decedent John Horton Dayan married defendant Kathryn Dayan on September 2, 1994. [Doc. 2-2, p. 2, ¶ 12].  John owned at least two Merrill Lynch accounts, one account number ending in 6219, and the other ending in 6384.  [*Id.* ¶ 13].  On or about July 7, 2016, John designated Kathryn as the beneficiary of the Merrill Lynch account ending in 6219; however, plaintiff alleges that "[i]n examining the handwriting . . . it appears that Kathryn signed, dated, and submitted this document acting as John."  [*Id.* ¶ 14].  On or about March 11, 2017, John designated Kathryn as the beneficiary of the Merrill Lynch account ending in 6384.  [*Id.* at p. 3, ¶ 15].

On or about May 21, 2019, Kathryn filed for a dissolution of marriage against John in Napa County, State of California.  [*Id.* ¶ 16].  On July 12, 2019, John and Kathryn were divorced by virtue of their filing a Marital Termination Agreement.  [*Id.* ¶ 17].

John passed away on January 10, 2021. [*Id.* at p. 4, ¶ 22]. On January 11, 2021, Kathryn filled out, signed, and dated a State of Oklahoma Death Certificate Information Form, in which she listed herself as John's spouse. [*Id.* ¶ 25]. As a result, the Certified Death Certificate, issued by the State of Oklahoma, listed the "Informant's Name" as Kelly Dayan, her "Relationship to Decedent" as "Wife," and herself, "Kathryn E. Brehm" as the "Surviving Spouse." [*Id.* ¶ 27].

Plaintiff alleges that Merrill Lynch's IRA Disclosure Statements provide that, if you are divorced, any IRA beneficiary designation will be void unless the Decree of Divorce designates the spouse as beneficiary, you re-designate your spouse as the beneficiary, or such spouse is re-designated to receive proceeds or benefits in trust for, on behalf of, or for the benefit of your child or dependent. [*Id.* at p. 7, ¶ 45]. As a result, plaintiff asserts that "Kathryn . . . knew that by virtue of Merrill Lynch's own policies and procedures, she must obtain the falsified death certificate listing herself as the surviving spouse in order to ensure she could take the funds [from the Merrill Lynch accounts] into her own possession, custody and control." [*Id.* ¶ 47].

On February 8, 2021, Kathryn instructed John's brother, Michael, to send the certified death certificate copies to "Merrill Lynch Attn: Will Bertron, 3700 Buffalo Speedway, Houston, TX 77098." [*Id.* ¶ 48]. Between March 19, 2021 and March 29, 2021, Merrill Lynch executed the relative roll-over and transferred certain monies into Kathryn's name, exclusively. [*Id.* ¶ 49].

In or around March 2021, Kathryn rolled the IRA over into the custody and control of Stifel, "presumably to be managed by Ms. Ellen Harless." [*Id.* ¶ 50].

Ellen Harless is alleged to be an investment advisor employed at Stifel as of January 2021. Prior to her employment at Stifel, Ellen Harless was employed at Merrill Lynch from approximately October 2001 to January 2021. [*Id.* at p. 8, ¶ 54]. Plaintiff alleges that Ellen Harless managed the assets for both John and Kathryn until her departure from Merrill Lynch. [*Id.* ¶ 55].

Plaintiff further alleges that Ellen Harless and Kathryn shared a close relationship "insofar as she is apparently willing to testify on behalf of Kathryn." [*Id.* ¶ 56].

In a pleading in the California probate case, defendant Dava Dayan stated, "While much has been made of John and [Kathryn's] divorce decree and that it might prevent [Kathryn] from receiving the account as the designated beneficiary, at least one witness from the brokerage that managed John's account will testify that John specifically told her, in response to more than one inquiry she made after his divorce, that he intended [Kathryn] to remain the beneficiary of the account." [*Id.* ¶ 57]. Dava previously attempted to depose Mr. Harless, "presumably to obtain testimony regarding the 'intent' of the Decedent." [*Id.* ¶ 58]. A Notice of Deposition on behalf of Dava was sent to plaintiff's counsel on or about September 21, 2021 in the Napa County probate matter. [*Id.*].

Ellen Harless knew that John and Kathryn were divorced. [*Id.* at p. 9, ¶ 60]. Ellen Harless knew or should have known Merrill Lynch's own policies and procedures in relation to beneficiary designations and the revocation of the same resulting from a divorce. [*Id.* ¶ 61]. Ellen Harless, acting as a Stifel employee, took over the management of these assets knowing that they were wrongfully and fraudulently obtained and knowing that John never revised his beneficiary designation. [*Id.* ¶ 62]. Plaintiff alleges that "Ellen Harless conspired to and with Kathryn to defraud the estate of John Horton Dayan for the benefit of having the funds rolled into Kathryn's name and under Ellen Harless's management." [*Id.* ¶ 63].

## Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim that "fail[s] to state a claim upon which relief can be granted." "To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is

plausible on its face.'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.,* 861 F.3d 1081, 1104 (10th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "Mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' are insufficient." *Estate of Lockett ex rel. Lockett v. Fallin*, 841 F.3d 1098, 1107 (10th Cir. 2016) (quoting *Twombly,* 550 U.S. at 555). The court accepts as true all factual allegations, but the tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). The court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)).

### Analysis

As previously stated, Dayan-Varnum asserts the following causes of action against Stifel: (1) civil conspiracy; (2) unjust enrichment; (3) negligence; (4) negligent supervision; and (5) constructive trust. [Doc. 2-2, pp. 19-21]. Stifel filed the motion seeking dismissal of the civil conspiracy, unjust enrichment, negligence, and negligent supervision claims. [Doc. 6; Doc. 7]. The court separately considers each cause of action.

A.      *Civil Conspiracy*

Under Oklahoma law, "[a] civil conspiracy consists of a combination of two or more persons to do an unlawful act, or to do a lawful act by unlawful means." *Brock v. Thompson*, 948 P.2d 279, 294 (Okla. 1997). "[C]ivil conspiracy itself does not create liability.  To be liable the conspirators must pursue an independently unlawful purpose or use an independently unlawful means." *Brock*, 948 P.2d at 294.  Thus, "[a] conspiracy between two or more persons to injure another is not enough; an underlying unlawful act is necessary to prevail on a civil conspiracy claim." *Roberson v. PaineWebber, Inc.*, 998 P.2d 193, 201 (Okla. Civ. App. 1999).[2]  "There can be no civil conspiracy where the *act* complained of and the *means employed* are lawful." *Brock*, 948 P.2d at 294 (emphasis in original).  Accordingly, under Oklahoma law, "[t]he essential elements are:  (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *Schovanec v. Archdiocese of Okla. City*, 188 P.3d 158, 175 (Okla. 2008) (quoting *Closs v. Goose Creek Consol. Indep. Sch. Dist.,* 874 S.W.2d 859, 871 (Tex. App. 1994)).

Stifel first argues that the civil conspiracy claim must be dismissed because Ms. Dayan-Varnum has failed to allege any unlawful activity by Stifel.  In response, Ms. Dayan-Varnum asserts "[t]he unlawful underlying act herein is a violation of 15 Okla. Stat. § 178 standing for the proposition that upon the entry of a divorce decree 'all provisions in the contract in favor of the decedent's former spouse are thereby revoked,' inclusive of beneficiary designations and retirement arrangements." [Doc. 22, p. 4].  However, the Complaint includes no reference to Okla. Stat. tit. 15, § 178.  "The Court cannot rely on new arguments or facts raised in a response in ruling

---

[2] Opinions released for publication by order of the Oklahoma Court of Civil Appeals "shall be considered to have persuasive effect."  Okla. Sup. Ct. R. 1.200(d)(2).

on a motion to dismiss." *Cisneros v. Gomez*, No. CIV-21-825-PRW, 2022 WL 19073972, at \*10 n.7 (W.D. Okla. Oct. 19, 2022) (collecting cases).[3]

Regardless, viewing the allegations of the Complaint in the light most favorable to plaintiff, Ms. Dayan-Varnum premises the civil conspiracy claim on the underlying tort of fraud. *See* [Doc. 2-2, pp. 9 and 19, ¶¶ 63, 158-59]. Stifel does not argue that Ms. Dayan-Varnum has not plausibly alleged the underlying tort of fraud against Kathryn, and Kathryn has not yet answered or otherwise responded to the Complaint.

However, the court concurs with Stifel that Ms. Dayan-Varnum has failed to plausibly allege a meeting of the minds on the object or course of action. *See Hicks v. FG Minerals LLC,* No. CIV-19-203-TDD, 2020 WL 4004804, at \*7 (E.D. Okla. July 15, 2020) ("A conclusory allegation of agreement or an allegation of parallel conduct does not satisfy federal pleading requirements."). Although Ms. Dayan-Varnum alleges that Ms. Harless and Kathryn "shared a close relationship," the Complaint includes no factual allegations from which the court can infer that a meeting of the minds existed to utilize the allegedly falsified death certificate to obtain the Merrill Lynch accounts. Nor are there any allegations from which the court may reasonably infer an agreement regarding any alleged fraud as to the beneficiary designation. Plaintiff's response suggests that Harless told Dava that John intended Kathryn should remain the beneficiary after the account. But, looking only to the allegations of the Complaint, the court cannot reasonably infer that Ms. Harless was the brokerage witness or that Stifel, rather than Merrill Lynch, was the relevant brokerage, based on the allegations of the Complaint.

---

[3] Further, Okla. Stat. tit. 15, § 178 does not appear to give rise to a tort and therefore a civil conspiracy claim cannot be based on violation of the statute. *See AKC ex rel. Carroll v. Lawton Indep. Sch. Dist. No. 8*, 9 F. Supp. 3d 1240, 1244-45 (W.D. Okla. 2014) ("[I]n order for a civil conspiracy claim to lie, it must be based on an underlying tort."). However, because the Complaint includes no reference to section 178, the court does not decide the issue.

Additionally, Ms. Dayan-Varnum does not "'allege specific facts showing an agreement and concerted action amongst the defendants,' and 'the manner in which the conspiracy operated.'" *AKC ex rel. Carroll*, 9 F. Supp. 3d at 1244 (quoting *Montgomery v. City of Ardmore*, 365 F.3d 926, 940 (10th Cir. 2004)).   Simply alleging many acts by various defendants and "stat[ing], without any specific facts evincing an agreement among the various defendants," is insufficient. *Montgomery,* 365 F.3d at 940.

For the foregoing reasons, Ms. Dayan-Varnum has failed to plausibly allege a civil conspiracy claim against Stifel.  Thus, Stifel's motion to dismiss must be granted in this regard.

B.      *Unjust Enrichment*

Under Oklahoma law, "[u]njust enrichment is a condition which results from the failure of a party to make restitution in circumstances where not to do so is inequitable, *i.e.,* the party has money in its hands that, in equity and good conscience, it should not be allowed to retain." *Okla. Dep't of Secs. ex rel. Faught v. Blair*, 231 P.3d 645, 658 (Okla. 2010).  The elements of unjust enrichment are "(1) the unjust (2) retention of (3) a benefit received (4) at the expense of another." *Wells v. Johnson & Johnson*, 554 F. Supp. 3d 1207, 1215 (W.D. Okla. 2021) (citing *Blair*, 231 P.3d at 658).  Accordingly, to plead unjust enrichment, "there must be enrichment to another, coupled with a resulting injustice." *City of Tulsa v. Bank of Okla., N.A.,* 280 P.3d 314, 319 (Okla. 2011) (quoting *Teel v. Pub. Serv. Co. of Okla.,* 767 P.2d 391, 398 (Okla. 1985)).

The sole basis on which Stifel seeks dismissal of the unjust enrichment claim is Ms. Dayan-Varnum's alleged "fail[ure] to allege any facts to show what 'benefit' Stifel has received."  [Doc. 7, p. 7].  However, Ms. Dayan-Varnum asserts that Stifel has received and retained funds that rightfully belong to her.  [Doc. 2-2, pp. 7 and 9, ¶¶ 50 and 62].  Taking this allegation as true, the

court may reasonably infer that Stifel received a benefit.  *See Northstar Mgmt., Inc. v. Vorel*, No. CIV-19-260-SLP, 2019 WL 7753449, at *4 (W.D. Okla. Nov. 20, 2019).[4]

>   C.      *Negligence*

Under Oklahoma law, "[t]he three necessary elements to a finding of negligence are (1) a duty owed by the defendant to protect plaintiff from injury (2) failure to fulfill that duty and (3) injuries to plaintiff proximately caused by defendant's failure to meet the duty." *Fargo v. Hays-Kuehn*, 352 P.3d 1223, 1227 (Okla. 2015).  "The threshold question in any suit based on negligence is whether the defendant had a duty to the particular plaintiff alleged to have been harmed." *Harwood v. Ardagh Grp.,* 522 P.3d 473, 481 (Okla. 2022).

Turning to the allegations of the Complaint, Ms. Dayan-Varnum asserts that Stifel owed a duty of care to ensure that assets were lawfully acquired.  [Doc. 2-2, p. 20, ¶ 169].  Ms. Dayan-Varnum further alleges that Ms. Harless "acting now as a Stifel employee, took over the management of these assets knowing that they were wrongfully and fraudulently obtained and knowing that John never revised his beneficiary designation." [*Id.* at p. 9, ¶ 62].

Stifel contends that Ms. Dayan-Varnum's negligence claim fails because it owed no duty to her "as Decedent's account was rolled over to Kathryn at Merrill prior to its transfer to Stifel." [Doc. 7, p. 7].  However, Stifel provides no case law in support of its assertion.  Absent applicable law, the court declines to conclude that Stifel owed no duty.[5]  Instead, taking the Complaint's

---

[4] Further, while not dispositive, the court notes that Stifel's argument in this regard is somewhat inconsistent with its position that dismissal of the constructive trust claim is inappropriate and interpleader is warranted.  *See Delk v. Markel Am. Ins. Co.*, 81 P.3d 629, 640 n.48 (Okla. 2003) ("The primary reason for imposing a constructive trust is to avoid unjust enrichment.").

[5] In reply, Stifel contends that the account was lawfully transferred.  [Doc. 27, pp. 4-5].  However, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's . . . complaint alone is legally sufficient

allegations that Stifel owed a duty of care to ensure that assets were lawfully acquired as true, but that a Stifel employee nevertheless took assets knowing they were fraudulently obtained, Ms. Dayan-Varnum has plausibly alleged a negligence claim.

> ### D.      Negligent Supervision

In Oklahoma, employers may be liable for negligent supervision "if—at the critical time of the tortious incident—, the employer had reason to believe that the person would create an undue risk of harm to others.  Employers are held liable for their prior knowledge of the servant's propensity to commit the very harm for which damages are sought." *N.H. v. Presbyterian Church (U.S.A.),* 998 P.2d 592, 600 (Okla. 1999); *see also Le v. Total Quality Logistics, LLC*, 431 P.3d 366, 375 (Okla. Civ. App. 2018) ("An employer is found liable if the employer had reason to believe that the person would create an undue risk of harm to others.").

Having reviewed the Complaint, the pleading includes no allegations from which the court may reasonably infer that Stifel had reason to believe that Ms. Harless would create an undue risk of harm to others.  Thus, Ms. Harless has failed to plausibly allege a negligent supervision claim and dismissal of the claim is warranted.

> ### E.      Constructive Trust

In the motion, Stifel does not seek dismissal of the constructive claim.  Rather, Stifel states that it is "willing to interplead the funds to the Court." [Doc. 7, p. 3 n.1].  In response, Dayan-Varnum "requests and agrees that said funds should be interplead into the Court." [Doc. 22, p. 1]. Pursuant to Local Civil Rule 7-1(b), "[i]t is not acceptable to file any combination of motion [or]

---

to state a claim for which relief may be granted." *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).

response."  Thus, Ms. Dayan-Varnum's request included in its response that the court interplead the funds is improper.

F.      Request to Amend

In her response in opposition to the motion to dismiss, Ms. Dayan-Varnum states, "[i]n the event the Court grants the Defendant's Motion to Dismiss on any claim of the Petition, Plaintiff requests leave to amend pursuant to Fed. R. Civ. P. 15(a)." [Doc. 22, p. 9].  The Tenth Circuit has recognized that "the preferred practice is to accord a plaintiff notice and an opportunity to amend his complaint before acting upon a motion to dismiss for failure to state a claim."  *McKinney v. Oklahoma ex rel. Dep't of Hum. Servs.*, 925 F.2d 363, 365 (10th Cir. 1991) ("[T]he preferred practice is to accord a plaintiff notice and an opportunity to amend his complaint before acting upon a motion to dismiss for failure to state a claim.").  However, Local Civil Rule 7-1(h) requires that all motions to amend include "[a] proposed order setting forth the title and docket number of the pleading to be amended and a summary of the proposed changes."  Further, the request must state whether any other party objects to the motion.  Ms. Dayan-Varnum's request for leave to amend does not comply with Local Civil Rule 7-1(h) and therefore is denied without prejudice.

**Conclusion**

WHEREFORE, the Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. 6; Doc. 7] of defendant Stifel, Nicolaus & Co., Inc. is granted in part and denied in part.  The motion is granted as to the civil conspiracy and negligent supervision claims, and those claims are dismissed without prejudice.  The motion is otherwise denied.

Plaintiff Mary Ellen Dayan-Varnum, Administrator of the Estate of John Horton Dayan, Deceased, may file a motion to amend to remedy the deficiencies identified herein on or before May 26, 2023.

DATED this 12th day of May, 2023.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma