IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARY ELLEN DAYAN-VARNUM, **Administrator of the Estate of John Horton Dayan, Deceased,**<br><br>**Plaintiff,**<br><br>v.<br><br>**KATHRYN DAYAN et al.,**<br><br>**Defendants.** | Case No. 23-CV-00052-SEH-MTS |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion for the Imposition of Constructive Trust. [ECF No. 77]. For the reasons stated below, Plaintiff's motion is denied.

**I. Background**

The alleged facts in this case have been summarized many times, so the Court assumes familiarity with the relevant allegations. Specific facts and procedural history are addressed below as necessary.

Plaintiff requests the Court to "impose a constructive trust over all property presently held at Stifel in Kathryn Dayan's name, and any subsequent property identified for which Kathryn Dayan is in possession of." [ECF No. 77 at 6]. Plaintiff invokes the Court's powers of equity in seeking

1

relief. [*Id.* at 4] (acknowledging that "[i]mposition of a constructive trust is an equitable remedy against a party who obtained property by fraud, constructive fraud, or some other wrongdoing."). In support of the motion, Plaintiff does not provide any supporting evidence. Rather, Plaintiff relies on conclusory statements and an unverified state court petition. [*Id.* at 2–4].

Defendant Stifel, Nicolaus & Company, Incorporated states that it "does not take any position regarding" Plaintiff's motion. [ECF No. 79]. Defendant Kathryn Dayan primarily responds by asserting that Plaintiff's motion is, in reality, a motion for preliminary injunction, which should be denied. [ECF No. 84 at 10–20, 23–24]. In reply, Plaintiff addresses Kathryn's[1] arguments under a preliminary injunction framework and under a constructive trust framework. Therefore, the Court will address both issues.

## II.  Discussion

As a preliminary note, although Plaintiff styles causes of action 6 and 20 in the petition as standalone claims, there is no cause of action for constructive trust. "It is a well-settled rule that '[a] constructive trust is a remedial device used by courts to enforce substantive rights ... it is not itself a substantive right.'" *Growtech Indus., LLC v. Mary Mechanix*, L.L.P., No. 5:21-CV-841-D,

---

[1] As previously noted, the Court may refer to certain individuals involved in this case by their first name only. The Court does not intend any disrespect. Rather, this is done in the interest of clarity because several parties and other individuals share a last name.

2

2022 WL 4473622, at *8 (W.D. Okla. Sept. 26, 2022) (quoting *Howell Petroleum Corp. v. Samson Res. Co.*, 903 F.2d 778, 780 (10th Cir. 1990) (applying Oklahoma law)). Nevertheless, the Court will address the issue as presented.

### A. Constructive Trust

Under Plaintiff's view, to impose a constructive trust, "[t]he evidence of wrongdoing must be clear, unequivocal and decisive beyond a reasonable doubt." [ECF No. 77 at 4] (citing *Easterling v. Ferris*, 1982 OK 99, ¶ 11, 651 P.2d 677, 681). As noted above, Plaintiff does not cite any evidence in her motion. Rather, she relies on conclusory statements and the unverified petition. [*Id.* at 2–4]. Plaintiff does, however, substantively respond to Kathryn's response in the reply brief with her own citations to exhibits. [ECF No. 96 at 2–6]. This evidentiary support appears for the first time in Plaintiff's reply brief. Further, Plaintiff's primary argument in the reply brief consists of one sentence: "In support of Plaintiff's tracing of Decedent's IRA funds wrongfully diverted from Merrill Lynch to Stifel by Kathryn – which supports either constructive trust or preliminary injunction – *Plaintiff directs the Court to the attached exhibits*." [ECF No. 96 at 9] (emphasis added). Those exhibits consist of nearly 200 pages of documents. [ECF Nos. 96-1 through 96-26].

Plaintiff's arguments fail for three reasons. First, Plaintiff's conclusory statements and unsupported allegations in the motion (as incorporated from the petition) do not meet the level of "clear, unequivocal and decisive [evidence] beyond a reasonable doubt." *Easterling*, 1982 OK 99, ¶ 11, 651 P.2d at 681. Plaintiff's unsupported statements are not evidence at all. Second, arguments raised for the first time in the reply brief are waived. *Pamela D.T. v. O'Malley,* No. 4:23-cv-62-CDL, 2024 WL 1381779, at *6 (N.D. Okla. Mar. 31, 2024) (collecting cases). Therefore, Plaintiff's new arguments and evidence that were not raised in the motion are disregarded.

Third, perfunctory and undeveloped arguments are waived. *Id.; see also Beckham Cnty. Rural Water Dist. No. 3 v. City of Elk City,* No. CIV-05-1485-F, 2014 WL 12818160, at *13 (W.D. Okla. Mar. 28, 2014) (citing United States v. Esquivel-Rios, 725 F.3d 1231, 1239 (10th Cir. 2013)) ("These contentions are not supported by developed argument, and the court declines to undertake the research, to say nothing of the advocacy, necessary to support them."). Plaintiff's initial argument in support of imposing a constructive trust consist of only two short paragraphs that rely on unsupported and conclusory allegations, legal conclusions, and statements from Plaintiff's counsel about the location of the funds and the status of service. [ECF No. 77 at 5–6]. In her reply brief, Plaintiff directs the Court to sort through nearly 200 pages of exhibits to divine what her argument is.

Because Plaintiff's filings do not adequately develop arguments to support imposition of a constructive trust, Plaintiff's motion is denied.

### B. Preliminary Injunction

A party seeking a preliminary injunction must show: "(1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Leacho, Inc. v. Consumer Product Safety Commission*, 103 F.4th 748, 752 (10th Cir. 2024) (quotation marks and citation omitted). Preliminary injunctions are "an extraordinary remedy, [so] the right to relief must be clear and unequivocal." *Id.* (quotation marks and citation omitted).

The irreparable harm element "is the single most important prerequisite for the issuance of a preliminary injunction, [and therefore] the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Offolter v. Horseracing Integrity and Safety Authority*, No. CIV-24-749-D, 2024 WL 3732056, at *2 (W.D. Okla. Aug. 8, 2024) (alterations in original) (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004)). The burden of showing irreparable harm is not "an easy burden to fulfill." *Dominion Video Satellite, Inc.*, 356 F.3d at 1262

(quotation marks and citations omitted). The alleged injury must be more than "serious or substantial," and it "must be certain, great, actual and not theoretical." *Schrier v. University of Co.*, 427 F.3d 1253, 1267 (10th Cir. 2005) (quotation marks and citations omitted).

Economic loss is not ordinarily enough to show irreparable harm absent some other circumstance such as "difficulty in calculating damages" or the "loss of goodwill or competitive market position." *Keybank National Association v. Williams*, No. 20-1384, 2022 WL 402379, at *3 (10th Cir. 2022) (unpublished) (quotation marks and citations omitted). This is because money damages will ordinarily compensate economic loss. Additionally, "unnecessary delay in seeking relief 'may be viewed as inconsistent with a claim that plaintiff is suffering great injury or, in the case of preliminary injunctive relief, that there is an urgent need for immediate relief and that a judgment would be rendered ineffective unless some restraint is imposed on defendant pending an adjudication on the merits.'" *Utah Gospel Mission v. Salt Lake City Corp.*, 316 F. Supp. 2d 1201, 1221 (D. Utah 2004) (citation omitted), *aff'd,* 425 F.3d 1249 (10th Cir. 2005).

Plaintiff's losses are economic in nature and can be remedied by money damages. And even though Plaintiff alleges that the harm is irreparable because Defendant Kathryn Dayan will attempt to avoid judgment "through gifting or complex estate planning," this allegation is only made "upon

6

information and belief" [ECF No. 96 at 7], so it is merely theoretical. Additionally, Plaintiff did not file her motion until October 17, 2024, nearly 2 years after she filed the state court petition that initiated this action. Therefore, Plaintiff has not established irreparable harm, and she improperly delayed her motion. Plaintiff's motion is denied.

### III. Conclusion

For the reasons set forth above, Plaintiff's motion for imposition of a constructive trust [ECF No. 77] is denied.

DATED this 19th day of March, 2025.

_Sara Hill_
Sara E. Hill
UNITED STATES DISTRICT JUDGE