IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARY ELLEN DAYAN-VARNUM,

Plaintiff.

v.

KATHRYN DAYAN;                     Case No. 23-CV-00052-SEH-MTS
MERRILL LYNCH PIERCE
FENNER & SMITH, INC.,

Defendants.

## OPINION AND ORDER

Before the Court is Defendant Kathryn Dayan's Motion to Stay [ECF No. 141].[1] For the reasons set out below, the motion is denied.

### I. Background

The alleged facts in this case have been summarized many times, so the Court assumes familiarity with the relevant allegations. Specific facts and procedural history are addressed below, as necessary.

### II. Discussion

Defendant asks the Court to stay this case during pending California probate proceedings. [ECF No. 141]. The Court has previously denied such a

---

[1] Defendant Merrill Lynch Pierce Fenner & Smith, Inc. is currently scheduled for arbitration with Plaintiff [ECF No. 128 at 2] and has not joined the motion before the Court. Thus, the Court will refer to Defendant Kathryn Dayan as "Defendant" throughout this order.

request. [ECF No. 105 at 32–33].

In seeking a stay, Defendant once again relies on Dava's unresolved petition to determine heirship status, which would purportedly affect Plaintiff's status as the administrator of the decedent's estate. [ECF No. 141 at 2–3]. Defendant argues that recent "material developments" necessitate a stay. [*Id.* at 3]. These developments include: (1) a final ruling from the Oklahoma Court of Civil Appeals that the Tulsa County District Court's determination of heirship in a preliminary order was not a final determination of heirship; and (2) the California heirship proceedings moving forward. [*Id.*]. Defendant contends that proceeding to trial in this case on August 10, 2026 while the California court determines heirship and "who has the authority to administer [the] estate," risks "profound prejudice, wasted judicial resources, and potentially conflicting outcomes." [*Id.*].

Defendant asks the Court to exercise its discretion and inherent power to stay proceedings because she believes the California heirship determination "directly implicates Plaintiff's standing and authority to pursue the claims in this action." [ECF No. 141 at 6]. She further avers that she will suffer "substantial hardship without a stay" if she is required to "bear the full burden of trial preparation" while the California case is litigated. [*Id.* at 7–8]. Last, Defendant argues that Plaintiff will not be prejudiced by a stay and that a stay would conserve judicial resources. [*Id.* at 8–9].

2

Plaintiff objects to a stay, asserting that Defendant has failed to set forth sufficiently compelling circumstances. [ECF No. 143 at 4–5]. She argues that Defendant is not a party to either the Oklahoma or California probate cases and cannot demonstrate that she "controls or directs any aspect of said related litigation." [*Id.* at 6]. Plaintiff further contends that the California heirship proceeding will not simplify or eliminate issues in this case, because "the heir does not have the authority to decide whether an action is prosecuted or not prosecuted as that decision lies with the Administrator." [*Id.*]. As to standing, Plaintiff states that Defendant has not set forth "any specific arguments that demonstrate any probability that Plaintiff would be removed as Administrator" following the Oklahoma Court of Civil Appeals decision. [*Id.* at 7].

Plaintiff also argues that she will be prejudiced by a stay. [ECF No. 143 at 7–9]. She avers that the burden so far has fallen upon her, as she has incurred attorney's fees and costs associated with pretrial preparation while Defendant has represented herself since October 2025 and failed to appear at the last pretrial hearing. [*Id.* at 8]. Plaintiff further asserts that a stay would continue to prohibit her "from performing her duties and obligations in marshalling the assets of the estate." [*Id.* at 9]. Last, Plaintiff argues that Defendant fails to show judicial economy or public interest favor a stay. [*Id.*].

In reply, Defendant argues that the California case "is expected to determine whether Plaintiff continues to possess authority to prosecute this action at all." [ECF No. 144 at 3]. To support this assertion, Defendant points to the parties' April 2025 Joint Status Report stating that "Dava will seek Mary Ellen's removal as the estate's authorized representative" should she prevail in being recognized as the decedent's daughter. [*Id*. at 4]. Defendant further relies on Oklahoma's order of priority for letters of administration, under 58 O.S. § 122, stating that the probate court is "determining whether the party currently prosecuting this federal action continues to possess authority to do so." [*Id*. at 4–5].

As to Plaintiff's assertion of prejudice, Defendant argues that the attorney's fees and costs of this litigation are paid from estate assets, not Plaintiff's personal funds. [*Id*. at 5]. She further avers that Plaintiff has a fiduciary duty to preserve estate assets and that continuing to litigate this case while Plaintiff's "authority" as Administrator is in question is not consistent with that duty. [*Id*. at 5–6]. Last, Defendant argues that the stay she requests is not indefinite because the trial in California has been scheduled to resume on January 25, 2027. [*Id*. at 7]. According to Defendant, that trial "will determine Plaintiff's continued authority in this action." [*Id*.].

4

District courts have inherent power to manage their dockets, and "the power to stay proceedings is incidental to" that power. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The decision to stay a case falls with the court's discretion, but factors to consider include: "[1] whether the [party requesting a stay is] likely to prevail in the related proceeding; [2] whether, absent a stay, [they] will suffer irreparable harm; [3] whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and [4] the public interests at stake." *United Steelworkers of America v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003); *see also Nken v. Holder*, 556 U.S. 418, 426 (2009) (listing substantially the same factors for the "traditional" standard for stays). "The first two factors … are the most critical." *Nken*, 556 U.S. at 434. The party requesting a stay carries the burden of establishing it is needed. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Here, the Court once again finds that Defendant has not carried her burden of showing this case should be stayed. Even if Dava is likely to prevail in the California probate proceedings, Defendant has not shown how that heirship determination would necessarily remove Plaintiff as administrator of the estate. Nor has she demonstrated that a change in the estate's administrator would substantially affect her rights in this case. Federal Rule of Civil Procedure 17(a) requires all actions to "be prosecuted in the name of the real party in interest," but provides "a reasonable time … for the real

party in interest to ratify, join, or be substituted into the action." To that end, should Dava eventually be named as administrator of the estate, she would have the opportunity to continue prosecuting this action, under Rule 17(a). Thus, Defendant has not demonstrated she will "prevail" in a related case or suffer irreparable harm if this case is not stayed. "[M]ore than a mere possibility of relief … [or] irreparable injury" is required. *Nken*, 556 U.S. at 434–35 (citation and brackets omitted).

Because probate proceedings have recently resumed in California and Oklahoma, the Court does not find that Plaintiff would suffer substantial harm if this case were stayed. However, the public's interest will best be served by keeping the case on course for a prompt resolution. This matter has been pending for nearly four years, discovery has concluded, and the claims are ripe for determination. At bottom, an indefinite stay would not benefit the public's interest in the "prompt resolution of civil cases." *See D.T. v. Indep. Sch. Dist. No. I-002*, No. 24-cv-00390-SH, 2025 WL 342867, at *5 (N.D. Okla. Jan. 30, 2025) (weighing the public's interest in both civil and criminal matters) (citation omitted). For these reasons, Defendant's motion to stay is denied.

**IT IS THEREFORE ORDERED** that Defendant Kathryn Dayan's Motion to Stay [ECF No. 141] is DENIED.

DATED this 9th day of July, 2026.

_____

Sara E. Hill
UNITED STATES DISTRICT JUDGE