IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARY ELLEN DAYAN-VARNUM,

    Plaintiff.

v.

KATHRYN DAYAN;      Case No. 23-CV-00052-SEH-MTS
MERRILL LYNCH PIERCE
FENNER & SMITH, INC.,

    Defendants.

## OPINION AND ORDER

Before the Court are Defendant Kathryn Dayan's motion for leave to appear remotely at trial [ECF No. 150] and her motion for reconsideration of an order denying her motion to stay [ECF No. 152].[1] For the reasons set out below, both motions are denied.

## I. Discussion

### A. Remote Appearance

Under Fed. R. Civ. P. 43(a), Defendant Kathryn Dayan requests to appear remotely at the trial in this matter, which is scheduled to begin on August 10, 2026. [ECF No. 150]. A district court may allow remote testimony under Rule

---

[1] Defendant Merrill Lynch Pierce Fenner & Smith, Inc. is currently scheduled for arbitration with Plaintiff [ECF Nos. 57, 128 at 2] and has not joined either motion. Claims against other original defendants in this action have since been dismissed. [ECF Nos. 76, 117]. Thus, the Court will refer to Defendant Kathryn Dayan as "Defendant" throughout this order.

43(a) only "[f]or good cause in compelling circumstances and with appropriate safeguards." Fed. R. Civ. P. 43(a). "Mere inconvenience doesn't satisfy this standard. In general, the rule contemplates situations where a witness cannot appear in person 'for unexpected reasons, such as accident or illness[.]'" *Gil-Leyva v. Leslie*, 780 F. App'x 580, 587 (10th Cir. 2019) (quoting Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment). Plaintiff argues that Defendant's motion falls short of this standard. [ECF No. 154]. The Court agrees.

Defendant requests to appear remotely at trial "by contemporaneous videoconference" due to "her financial circumstances." [ECF No. 150 at 1–2]. But "financial hardship isn't the type of 'unexpected reason[ ]' that is 'typically required in a showing of good cause for [remote] testimony.'" *Gil-Leyva*, 780 F. App'x at 587 (quoting *Eller v. Trans Union, LLC*, 739 F.3d 467, 478 (10th Cir. 2013)). Remote testimony is most frequently allowed "in special circumstances, such as where a vital witness would be endangered or made uncomfortable by appearing in a courtroom." *Eller*, 739 F.3d at 478. Here, Defendant makes no such showing and fails to demonstrate that the costs of requiring her to appear in person for trial are so burdensome as to outweigh the benefits of her in-person testimony.

Because trial has been scheduled for over three months [ECF No. 136], Defendant has had ample opportunity to make travel arrangements to

appear in the Northern District of Oklahoma on August 10, 2026. The Court simply finds her request unsupported by "good cause in compelling circumstances." Moreover, as a pro se litigant, Defendant is the primary witness and her own counsel. Defendant presents no justifiable reason in the record or in caselaw to grant her request. In sum, Defendant has not carried her burden of invoking the exception to Rule 43's general rule that "the witnesses' testimony must be taken in open court[.]" Fed. R. Civ. P. 43(a). The Court therefore denies her motion.

### B. Motion to Reconsider

The Court recognizes that the briefing schedule has not yet run on Defendant's motion to reconsider [ECF No. 152]. However, the briefing schedule on Defendant's motion falls past the scheduled trial in this matter and the Court does not find a response necessary to determine the motion. The Court recognizes its authority to revise "any order or other decision, however designated … [that] does not end the action … at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see also Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir.1980) ("[T]he court retains the power to alter rulings until final judgment is entered on a cause.").

Defendant asks the Court to reconsider its denial to stay this case until the pending California probate proceedings are concluded. [ECF No. 152]. She alternatively renews her motion to stay. [*Id*.]. In seeking a stay, Defendant once again relies on Dava's unresolved California petition to determine heirship status, which would purportedly affect Plaintiff's status as the administrator of the decedent's estate. [*Id*.]. Defendant attaches a sworn declaration by Dava, stating, "If [she is] determined to be John's heir and appointed successor Administrator, [she] will not pursue, continue, ratify, or authorize the continuation of the claims asserted against [Defendant] … [She] would instead dismiss those claims because [she does] not believe continued litigation is in the best interests of the estate." [*Id*. at 13].

Defendant argues that Dava's declaration is "new, material evidence directly responsive to the specific basis for the Court's ruling." [ECF No. 152 at 2]. As explained before, the decision to stay a case falls with the court's discretion, but factors to consider include: "[1] whether the [party requesting a stay is] likely to prevail in the related proceeding; [2] whether, absent a stay, [they] will suffer irreparable harm; [3] whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and [4] the public interests at stake." *United Steelworkers of America v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003); *see also Nken v. Holder*, 556

U.S. 418, 426 (2009) (listing substantially the same factors for the "traditional" standard for stays). "The first two factors … are the most critical." *Nken*, 556 U.S. at 434. The party requesting a stay carries the burden of establishing it is needed. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Here, the Court once again finds that Defendant has not carried her burden of showing this case should be stayed. Even if Dava prevails in the California probate proceedings, Defendant has not shown how that heirship determination would *necessarily* remove Plaintiff as administrator of the estate. Dava would need to prevail in doing so in the Oklahoma action. Although Dava's declaration demonstrates that a change in the estate's administrator would substantially affect Defendant's rights in this case, the Court still finds that change too speculative. According to Defendant, the California trial is not even scheduled to begin until January 2027. [ECF No. 152 at 3]. Thus, Defendant has not demonstrated that she will "prevail" in a related case or suffer irreparable harm if this case is not stayed. "[M]ore than a mere possibility of relief … [or] irreparable injury" is required. *Nken*, 556 U.S. at 434–35 (citation and brackets omitted).

Defendant includes in her motion Plaintiff's counsel's position that "there would be a long road … before Dava Dayan could be appointed successor Administrator." [ECF No.152 at 9–10]. The Court agrees. Although the Court does not find Plaintiff would suffer substantial harm if this case were stayed,

the public's interest will be best served by keeping the case on course for a prompt resolution. Even if Dava prevails at trial in the California proceedings, those proceedings will not conclude until the time to appeal has run and any appeal is decided. As the Court noted in its previous order, this matter has been pending for nearly four years, discovery has concluded, and the claims are ripe for determination. A stay would not benefit the public's interest in the "prompt resolution of civil cases." *See D.T. v. Indep. Sch. Dist. No. I-002*, No. 24-cv-00390-SH, 2025 WL 342867, at *5 (N.D. Okla. Jan. 30, 2025) (weighing the public's interest in both civil and criminal matters) (citation omitted). For these reasons, Defendant's motion to reconsider is denied.

**IT IS THEREFORE ORDERED** that Defendant Kathryn Dayan's Motion for Leave to Appear Remotely at Trial, or in the Alternative, for Trial to Proceed Remotely for All Parties [ECF No. 150] is DENIED.

**IT IS FURTHER ORDERED** that Defendant Kathryn Dayan's Motion for Reconsideration of Order Denying Motion to Stay, or, in the Alternative, Renewed Motion to Stay [ECF No. 152] is DENIED.

DATED this 28th day of July, 2026.

Sara E. Hill
UNITED STATES DISTRICT JUDGE