IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

MARY ELLEN DAYAN-VARNUM,

                Plaintiff.

v.

KATHRYN DAYAN;              Case No. 23-CV-00052-SEH-MTS
MERRILL LYNCH PIERCE
FENNER & SMITH, INC.,

                Defendants.

## OPINION AND ORDER

Before the Court is Plaintiff Mary Ellen Dayan-Varnum's Motion for Default Judgment. [ECF No. 140]. For the reasons set out below, the motion is denied.

### I. Discussion

When Defendant[1] failed to appear at the pretrial conference held on June 18, 2026, Plaintiff orally moved for default judgment. [ECF No. 139]. The Court directed Plaintiff to submit an appropriate written motion. [*Id.*].

She now moves for default judgment under Fed. R. Civ. P. 16(f)(1)(A). [ECF No. 140]. Plaintiff argues that default is an appropriate sanction

---

[1] Defendant Merrill Lynch Pierce Fenner & Smith, Inc. is currently scheduled for arbitration with Plaintiff [ECF No. 128 at 2] and has not joined the response to the motion before the Court. Thus, the Court will refer to Defendant Kathryn Dayan as "Defendant" throughout this order.

because Defendant "failed to appear for pretrial conference or otherwise defend against Plaintiff's claims[.]" [ECF No. 140 at 5].

In response, Defendant states that she failed to appear at the last pretrial hearing "due to a personal medical situation." [ECF No. 153 at 2]. She argues that her absence "does not justify the harshest sanction available under Rule 16" because she has "actively litigated the case for years … filed and Answer and has continuously defended the action … [and has] participated in discovery and the pretrial process." [*Id.* at 3]. Defendant also contends that her recent filings are "fundamentally inconsistent" with her abandoning or otherwise failing to defend against Plaintiff's claims. [*Id.*].

Plaintiff replies that Defendant has not actively participated in the case because she did not follow the Court's amended scheduling order. [ECF No. 157 at 2]. She argues that Defendant's conduct constitutes "intentional failure," as opposed to "involuntary noncompliance," as evidenced by Defendant's notice that she will not appear at trial. [*Id.* at 3–4]. Plaintiff maintains that she has been prejudiced by Defendant's noncompliance, that Defendant has interfered with the judicial process by refusing to participate in the case, that Defendant is culpable and has been warned about default judgment, and that any less sanction would be ineffective. [*Id.* at 5].

Rule 16(f)(1)(A) provides that a court may sanction a party or its attorney for failing to appear at a pretrial conference by issuing "any just orders,

including those authorized by Rule 37(B)(2)(A)(ii)-(vii)[.]" Rule 37(B)(2)(A)(vi) authorizes "rendering default judgment against the disobedient party[.]" Therefore, this Court may issue a default judgment against a party who fails to obey a pretrial order or fails to appear at a pretrial conference.

But default judgment "represents an extreme sanction" and is therefore "appropriate only in cases of willful misconduct." *Derma Pen, LLC v. 4EverYoung Limited*, 736 F. App'x 741, 745 (10th Cir. 2018). "A 'willful failure' is 'any intentional failure as distinguished from involuntary noncompliance.'" *Id.* (quoting *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872–73 (10th Cir. 1987)). A "willful failure," however, does not require a showing of wrongful intent. *Id.*

The Tenth Circuit has set forth several factors for courts to consider when determining whether default judgment is an appropriate sanction. These include: (1) "the culpability of the offending party[;]" (2) "the degree of actual prejudice to the non-offending party;" (3) "the amount of interference with the judicial process[;]" (4) "whether the court warned the offending party in advance that default judgment would be a likely sanction for noncompliance; and" (5) "the efficacy of lesser sanctions." *EBI Sec. Corp., Inc. v. Net Command Tech, Inc.*, 85 F. App'x 105, 108 (10th Cir. 2003) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)) (the "*Ehrenhaus* factors"). The *Ehrenhaus* factors "do not constitute a rigid test," and "[o]nly when the

aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal [or default judgment] an appropriate sanction." *Derma Pen, LLC*, 736 F. App'x at 746 (quoting *Ehrenhaus*, 965 F.2d at 921) (alteration in original).

Here, the Court does not find default judgment warranted. Although Defendant did not appear at the most recent pretrial conference, the record does reflect that she has consistently defended against Plaintiff's claims. She appeared remotely at a pretrial conference held on March 19, 2026 [ECF No. 135] and has made multiple recent filings [ECF Nos. 141, 144, 148, 150, 152, 153, 156, 158, 160]. This case is also scheduled for a bench trial that is anticipated to last no more than two days. [ECF No. 136]. Defendant has given notice that she intends not to personally appear. [ECF Nos. 156, 160]. Therefore, the Court does not find Plaintiff suffered significant prejudice by Defendant's failure to appear at the June 18, 2026 pretrial conference, or that her non-appearance notably interfered with the judicial process. Based on the record, the Court finds that Defendant's conduct under the *Ehrenhaus* factors does not outweigh "the judicial system's strong predisposition to resolve cases on their merits." *See Derma Pen, LLC*, 736 F. App'x at 746.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment [ECF No. 140] is DENIED.

DATED this 4th day of August, 2026.

_____
Sara E. Hill
UNITED STATES DISTRICT JUDGE